**[NOT FOR PUBLICATION — NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals
## For the First Circuit

---

No. 99-1114

UNITED STATES OF AMERICA,
Appellee,

v.

WALTER MERCED-NIEVES,
Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

---

Before

Selya, Circuit Judge,

Bownes, Senior Circuit Judge,

and Lipez, Circuit Judge.

---

John Ward-Llambias, by appointment of the court, for appellant.
Jacabed Rodriguez-Coss, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, and Jorge E. Vega-Pacheco, Assistant United States Attorney, were on brief, for appellee.

---

October 17, 2000

---

**SELYA, Circuit Judge.** On April 10, 1997, a federal grand jury sitting in the District of Puerto Rico returned a three-count indictment against a number of individuals. In Count 2 of the indictment, the grand jury charged several persons, including Walter Merced-Nieves, with conspiring to distribute controlled substances in violation of 21 U.S.C. § 846. In Count 3 of the same indictment, the grand jury charged some of the same individuals, including Merced-Nieves, with using and carrying firearms during and in relation to the commission of a drug-trafficking offense. See 18 U.S.C. § 924(c)(1). Following a five-week trial, a petit jury found Merced-Nieves guilty as charged. The district court thereafter sentenced him to a term of life imprisonment on the conspiracy charge and, ironically, to a consecutive five-year prison term on the firearms charge. Merced-Nieves appeals.[1] Having carefully reviewed the record, we affirm.

The appellant's basic argument entails a challenge to the sufficiency of the evidence. This challenge invokes a familiar standard of review: when evaluating the sufficiency of

---

[1]Merced-Nieves stood trial with eight other alleged coconspirators (all of whom were found guilty), and we consolidated the nine ensuing appeals. Seven of them, including this one, were argued together on September 14, 2000. The other two were submitted on the briefs to the same panel. We have elected to decide this appeal in a separate opinion.

the evidence presented against a defendant in a criminal case, an appellate court must "canvass the evidence (direct and circumstantial) in the light most agreeable to the prosecution and decide whether that evidence, including all plausible inferences extractable therefrom, enables a rational factfinder to conclude beyond a reasonable doubt that the defendant committed the charged crime." United States v. Noah, 130 F.3d 490, 494 (1st Cir. 1997).

The principal statute of conviction here is 21 U.S.C. § 846. To convict a defendant of violating that statute, the government must "show beyond a reasonable doubt that a conspiracy existed and that a particular defendant agreed to participate in it, intending to commit the underlying substantive offense." United States v. Sepulveda, 15 F.3d 1161, 1173 (1st Cir. 1993). Proof of the illicit agreement requires "no particular formalities." Id. Thus, a defendant may join in a drug-trafficking conspiracy without knowing the full extent of the enterprise or the identities of all the coconspirators. See United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st Cir. 1989). By like token, the government may satisfy its burden through either direct or circumstantial evidence, or through any combination of the two. See United States v. Marrero-Ortiz, 160 F.3d 768, 772 (1st Cir. 1998); United States v. Hernandez, 146

-4-

F.3d 30, 33 (1st Cir. 1998). In short, both the conspiracy's existence and a particular defendant's membership in it may be inferred from the participants' "words and actions and the interdependence of activities and persons involved." United States v. Boylan, 898 F.2d 230, 241-42 (1st Cir. 1990).

The remaining count of conviction implicates 18 U.S.C. § 924(c)(1), which provides in pertinent part that: "[Whoever,] during and in relation to any . . . drug trafficking crime . . . for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall . . . [be given additional punishment]." In order to convict under the "use" prong of this statute, the government must show "actual use" of a firearm, a standard that "'includes brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm.'" United States v. Valle, 72 F.3d 210, 217 (1st Cir. 1995) (quoting Bailey v. United States, 516 U.S. 137, 148 (1994) (citations omitted)). To convict under the "carry" prong of the statute, the government must prove beyond a reasonable doubt that the defendant knowingly carried, conveyed, or transported a firearm. See Muscarello v. United States, 524 U.S. 125, 126 (1998). Finally, the government must prove the requisite nexus between this use or carriage and a drug-trafficking crime. See, e.g., United States v. Bergodere,

40 F.3d 512, 518 (1st Cir. 1994); United States v. Hadfield, 918 F.2d 987, 998 (1st Cir. 1990).

Against this backdrop, we turn to the appellant's paramount assignment of error. Merced-Nieves concedes, as he must, that the government proved the existence of a large, long-lasting conspiracy to distribute various controlled substances. The initial question, then, is whether the government also proved that he was part and parcel of it. The secondary question is whether the government proved that he used or carried a firearm to facilitate the ring's drug-trafficking exploits. The record suggests that both of these questions must be answered affirmatively.

At trial, the government adduced competent evidence that Merced-Nieves sold narcotics for the ring and that he routinely carried a firearm in the course of those felonious activities. The government also adduced evidence that Merced-Nieves participated in other facilitative conduct, including sundry carjackings and drive-by shootings of rival gang members. This evidence, when viewed in the light most favorable to the prosecution, suffices to undergird his convictions. See, e.g., Rivera-Santiago, 872 F.2d at 1079 (holding that "[t]he fact that [the defendant] participated in one retail link of the distribution chain, knowing that it extended beyond his

individual role, [is] sufficient" to demonstrate his culpability as a member of a drug-trafficking conspiracy); United States v. Collazo-Aponte, 216 F.3d 163, 195 (1st Cir. 2000) (holding that to transgress section 924(c)(1), "it is enough that the appellant carried the firearms during the [drug related shootings] and therefore used the weapons in furtherance of the drug conspiracy").

The appellant seeks to deflect the force of this proof by assailing the credibility of the government's several witnesses. But that line of attack avails him naught. In passing upon challenges to the sufficiency of the evidence, we are bound to refrain from making independent judgments as to witness credibility. See Noah, 130 F.3d at 494; United States v. Echeverri, 982 F.2d 675, 677 (1st Cir. 1993). We recently summed up this principle in United States v. Alicea, 205 F.3d 480 (1st Cir. 2000), in which we wrote that "[e]xcept in the most unusual circumstances . . . credibility determinations are for the jury, not for an appellate court." Id. at 483. The circumstances here are not extraordinary, so this case comes within the sweep of this general rule, not within the long-odds exception to it.

The appellant puts a twist on his credibility theme, struggling to invoke the specter of a witness-bribery statute that provides in pertinent part:

> Whoever . . . directly or indirectly, gives, offers or promises anything of value to any person, for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon a trial, hearing, or other proceeding, before any court . . . authorized by the laws of the United States to hear evidence or take testimony . . . shall be fined under this title or imprisoned for not more than two years, or both.

18 U.S.C. § 201(c)(2). In 1998, a Tenth Circuit panel held that this statute forbade testimony given in exchange for promised leniency, and applied an exclusionary rule to remedy perceived violations. See United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998) (Singleton I). The appellant acknowledges that Singleton I has been withdrawn and that the Tenth Circuit, sitting en banc, has repudiated it. See United States v. Singleton, 165 F.3d 1297, 1298 (10th Cir. 1999) (en banc) (Singleton II), cert. denied, 527 U.S. 1024 (1999). The appellant also acknowledges that this court has disavowed the reasoning of Singleton I. See United States v. Lara, 181 F.3d 183, 198 (1st Cir. 1999). He nonetheless argues that the spirit of Singleton I persists, and that the rationale behind the decision — namely, that testimony from government witnesses who

have received inducements to testify is inherently unreliable — justifies the reversal of the jury verdict in this case.

We reject this specious argument. While the testimony of cooperating witnesses must always be scrutinized with care, see, e.g., United States v. LiCausi, 167 F.3d 36, 47 (1st Cir. 1999), the witnesses here were subjected to withering cross-examination by several sets of defense counsel, and the jury was properly instructed to weigh their testimony in light of the promises made and inducements tendered. The jury apparently found the witnesses credible. We know of no authority that would permit us, in the circumstances of this case, to second-guess the jury's assessment. We therefore decline to accept the appellant's reading of either the letter or the spirit of section 201(c)(2). See Lara, 181 F.3d at 198; Singleton II, 165 F.3d at 1298; see also United States v. Lowery, 166 F.3d 1119, 1122-24 (11th Cir. 1999); United States v. Ramsey, 165 F.3d 980, 987 (D.C. Cir. 1999); United States v. Ware, 161 F.3d 414, 418-25 (6th Cir. 1998), cert. denied, 526 U.S. 1045 (1999); United States v. Haese, 162 F.3d 359, 366-68 (5th Cir. 1998), cert. denied, 526 U.S. 1138 (1999).

We need go no further. To the extent that the appellant offers other arguments, they are either undeveloped, or obviously meritless, or both. We conclude that the evidence

introduced at trial, taken in the light most congenial to the government's theory of the case, amply supported the jury verdict on both counts of conviction. Accordingly, the judgment below must be

**<u>Affirmed</u>.**